## Smith *v.* Timmons, Appellant (No. 1).

*Mortgage—Presumption of payment—Installments.*

Where a mortgage consisting of a single instrument, covering a single indebtedness, and payable by installments, provides that upon default in the payment of any installment or interest the whole mortgage shall become due and payable, the presumption of payment from twenty years lapse of time will begin to run from the date when the last installment became due, and not from a date thirty days after a default in the payment of an installment and interest.

Argued April 17, 1912.   Appeal, No. 49, April T., 1912, by defendant, from judgment of C. P. Allegheny Co., Feb. T., 1907, No. 219, on verdict for plaintiff in case of W. J. Smith, Executor of the estate of Robert M. Kennedy, deceased, *v.* Zedill Timmons, with notice to Lizzie A. Marsh et al., heirs of Sarah Colbert, deceased, terre-tenants, Colonial Trust Co. Guardian ad litem.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur mortgage.   Before KENNEDY, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $805.61. Defendant appealed.

486, (1912).]   Assignment of Errors—Opinion of the Court.

*Error assigned* was in giving binding instructions for plaintiff.

*R. H. Jackson,* for appellant, cited: Hughes v. Hughes, 54 Pa. 240; Kane v. Fisher, 2 Watts, 246; Smith v. Nevin, 31 Pa. 238.

*George Hettrick Bonner,* for appellee, cited: Woods v. Irwin, 141 Pa. 278; Overton v. Tracy, 14 S. & R. 311; Frear v. Drinker, 8 Pa. 520; Hagan's Est., 50 Pitts. Leg. J. 49; Reed v. Reed, 46 Pa. 239; Gregory v. Com., 121 Pa. 611.

OPINION BY HENDERSON, J., July 18, 1912:

The defense to the scire facias set up by the appellants is the presumption of payment arising from lapse of time. The mortgage was dated February 24, 1882, and was payable in annual installments of $50.00, the last payment becoming due February 24, 1887. The writ was issued on November 30, 1906, and therefore less than twenty years after the maturity of the last payment. A copy of the mortgage is not printed in the paper-books, but the plaintiff's statement sets forth that it contained a clause providing that on default of payment of any installment or interest for a period of thirty days after the same shall have become due and payable the whole of the principal sum and interest shall by reason of such default become due and payable and writ of scire facias may immediately be issued and prosecuted to judgment for the whole amount of the principal sum then unpaid. From the appellants' history of the case it appears that Timmons conveyed the lot to William Marsh in June, 1883, from whom by conveyance the title vested in Lizzie Marsh. It will thus be seen that at the time William Marsh acquired title the whole indebtedness was unpaid, and the affidavit of defense admits that nothing has been paid by the defendants. There is no evidence that Timmons indemnified William Marsh against the mortgage, and the parties all had record notice that it was unpaid. It is first con-

tended that because of the clause providing for advance maturity in case of default the whole debt matured thirty days after the first payment became due and that the whole debt is therefore presumed to be paid. This provision, however, we regard as an optional authority to the mortgagee to proceed for the collection of the debt and one which may be waived. The appellants were not put off their guard by anything contained in the mortgage. They had no notice of nonpayment so far as the mortgagor was concerned and no ground for assuming that the whole of the indebtedness was due at the time now claimed. No hardship or prejudice therefore results to them. They had an opportunity when taking title to learn what was due on the mortgage, and if they omitted to exercise that care the fault is at their own door. It is further argued that if the whole indebtedness was not due at the period of the first default the presumption runs against the installments as they became due and that the court should have instructed the jury that the terre-tenants were released from the payment of the first four installments. We do not so view the case. The mortgage was a single instrument covering a single indebtedness payable by installments, it is true, and yet parts of the same debt, the last portion of which matured within twenty years before the scire facias was issued, unless the mortgagee saw fit to enforce the clause advancing the time of payment by reason of the default; and as it affirmatively appears from the affidavit of defense that the terre-tenants did not make any payments the presumption of payment should begin to run from the maturity of the last installment. The learned judge of the court below had a correct view of the law applicable to the case and the judgment is affirmed.